**Rodolfo MUNCKER, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 00–70320.**

**Agency No. A70–105–836.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 28, 2001.

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Rodolfo Muncker ("Petitioner") petitions for review of the final order of deportation entered by the Board of Immigration Appeals ("BIA") on February 29, 2000. Petitioner was served with an order to show cause ("OSC") on February 16, 1996—approximately five years and eight months after he entered the United States. At a hearing on October 31, 1996, the Immigration Judge denied Petitioner's application for suspension of deportation because Petitioner had failed to establish extreme hardship from his deportation, and denied his application for asylum and withholding of deportation on the ground that Petition-

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

er failed to establish past persecution or a well-founded fear of future persecution. On appeal, the BIA applied the "stop-time rule"—a new continuous physical presence requirement set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–625—and held Petitioner was statutorily barred from suspension of deportation. The BIA also affirmed the IJ's denial of asylum and withholding of deportation.

Petitioner contends that he was eligible for suspension of deportation and challenges the BIA's decision to apply the "stop-time rule" to his case. Petitioner's arguments challenging the application of the stop-time rule are foreclosed by our recent decision in *Ram v. INS,* No. 99–70918, 2001 WL 173309 (9th Cir. Feb. 8, 2001). We reject Petitioner's contention that the BIA and the IJ used the wrong date for his entry into the United States and conclude that the BIA adequately explained its reasons for relying on the date of entry shown on Petitioner's asylum application and admitted during his first hearing. *See Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996); *Mosa v. Rogers,* 89 F.3d 601, 604 (9th Cir.1996).

Petitioner also contends he was eligible for asylum and withholding of deportation. Our court may reverse the BIA only if the evidence presented by Petitioner "was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Petitioner has not made that showing.

We do not consider Petitioner's eligibility, if any, for relief under the class action pending in the district court in accordance with *Barahona–Gomez v. Reno,* 167 F.3d 1228 (9th Cir.1999), *supplemental opinion,*

236 F.3d 1115 (9th Cir.2001). Our resolution of this case does not affect any interim or permanent relief awarded to members of the class certified in *Barahona–Gomez.*

PETITION FOR REVIEW DENIED.